Attorney Regulation. Following a Sanctions Hearing, a Hearing Board suspended Erik G. Fischer (Attorney Registration No. 16856) from the practice of law for a period of ninety days, all stayed upon the successful completion of a one-year period of probation with conditions, effective June 7, 2010. Respondent admittedly and knowingly failed to fully disclose to a client the possible effect of a conflict of interest. The Hearing Board found significant mitigating factors in departing from the presumed sanction of suspension. His misconduct constituted grounds for the imposition of discipline pursuant to C.R.C.P. 251.5 and violated Colo. RPC 1.8(a).
On September 29, 2009, a Hearing Board composed of LARRY A. DAVELINE, a citizen board member, BRUCE W. SATTLER, a member of the Bar, and WILLIAM R. LUCERO, the Presiding Disciplinary Judge ("PDJ"), held a one-day hearing on the issue of sanctions pursuant to C.R.C.P. 251.18. Lisa E. Frankel appeared on behalf of the Office of Attorney Regulation Counsel ("the People"), and Alexander R. Rothrock appeared on behalf of Erik G. Fischer ("Respondent"), who also appeared. The Hearing Board now issues the following "Decision and Order Imposing Sanctions Pursuant to C.R.C.P. 251.19(b)."
 DECISION AND ORDER IMPOSING SANCTIONS PURSUANT TO C.R.C.P. 251.19(b) I. ISSUE AND SANCTION
Suspension is generally appropriate when a lawyerknows of a conflict of interest and fails to fully disclose to a client the possible effect of that conflict. Public censure *Page 647 
sure is generally appropriate when a lawyer isnegligent in determining whether his own interests may materially affect the representation of a client. Respondent admitted he violated Colo. RPC 1.8(a). If the Hearing Board finds he acted knowingly, but also finds substantial mitigating factors, what is the appropriate sanction for his misconduct?
The Hearing Board finds the appropriate sanction for Respondent's misconduct is a suspension from the practice of law for a period of ninety days, stayed upon the successful completion of a one-year period of probation, on the condition that there shall be no further violations of the Colorado Rules of Professional Conduct.
 II. PROCEDURAL HISTORY
On March 10, 2009, the People filed a complaint alleging two separate violations of the Colorado Rules of Professional Conduct.[1] Respondent filed an answer on April 9, 2009. On September 4, 2009, the PDJ denied "Respondent's Motion for Summary Judgment on Claim I." The parties then filed a "Stipulation, Agreement and Affidavit Containing the Respondent's Conditional Admission of Misconduct" on September 8, 2009. In the stipulation, Respondent admitted to a violation of Colo. RPC 1.8(a) for failing to provide adequate disclosures of conflict in one instance, and for failing to provide any written disclosure in three other instances, as discussed below. As a part of the stipulation, the People moved to dismiss an alleged violation of Colo. RPC 1.7. The PDJ hereby grants that request.
 III. ESTABLISHED FACTS AND RULE VIOLATIONS
The Hearing Board hereby adopts and incorporates by reference the factual background of this case fully detailed in the parties' stipulation.[2] Specifically, the parties stipulated that Respondent violated Colo. RPC 1.8(a) (2007), which stated, "[a] lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client" unless the terms of the transaction are fully disclosed to the client in writing, the client is informed that use of independent counsel may be advisable and is given reasonable opportunity to seek such counsel, and the client consents in writing to the conflict disclosure.[3]
 Jurisdiction
Respondent took and subscribed the Oath of Admission and gained admission to the Bar of the Colorado Supreme Court on October 21, 1987. He is registered upon the official records, Attorney Registration No. 16856, and is therefore subject to the jurisdiction of the Hearing Board pursuant to C.R.C.P. 251.1.
 Stipulated Facts
On October 26, 2005, Vanessa Dominguez suffered injuries in an automobile incident as a passenger in an automobile driven by her cousin. On June 14, 2006, Ms. Dominguez retained the firm of Fischer Fischer, P.C. ("Fischer Fischer") to represent her in a personal injury action related to the incident.[4] Fischer Fischer filed a lawsuit against Ms. Dominguez's cousin and pursued an uninsured motorist claim against Ms. Dominguez's insurer, American Family Insurance Company ("American Family"). Ms. Dominguez was Respondent's client at the time of each of the loans described below.
Real Estate Recovery, L.L.C. ("Real Estate Recovery") is a company formed and organized by Respondent. At the time of the loans discussed herein, Respondent and Dr. Rocci Trumper owned the company and shared all profits equally. Dr. Trumper never met with Ms. Dominguez nor spoke with her regarding the loans described herein, *Page 648 
and all of Ms. Dominguez's interactions regarding the loans were with Respondent. However, Respondent and Dr. Trumper jointly participated in the decisions regarding whether to loan Ms. Dominguez money.[5]
On June 30, 2006, Real Estate Recovery loaned Ms. Dominguez $10,300.00, as evidenced by a promissory note.[6] To pay her indebtedness on the promissory note, Ms. Dominguez assigned Real Estate Recovery the amount of her monetary recovery from the personal injury case.[7] The promissory note provides for interest at a rate of 18% per annum, with unpaid principal and defaulting interest bearing an interest rate of 24% per annum. Respondent provided Ms. Dominguez with a disclosure concerning this loan on June 30, 2006.[8]
The parties stipulated and the Hearing Board agrees that Respondent provided inadequate disclosures to Ms. Dominguez with respect to this initial loan. The disclosures did not contain a clear explanation of the differing interests of the lawyer and client, the advantages of seeking independent advice or a detailed explanation of the risks and disadvantages to the client entailed in the business arrangement. Further, the disclosure regarding the initial loan was signed on the same date the loan was made and only a couple of weeks after Ms. Dominguez retained Respondent. Thus, although Ms. Dominguez waived her right to consult with independent legal counsel in the June 30, 2006, disclosure, she did not waive the conflict itself.
On October 11, 2006, Ms. Dominguez borrowed an additional $5,150.00 from Real Estate Recovery, evidenced by another promissory note under the same terms and conditions as the previous note.[9] On November 30, 2006, Ms. Dominguez borrowed additional funds, at which time Respondent requested additional collateral on behalf of Real Estate Recovery. Ms. Dominguez signed a deed of trust granting Real Estate Recovery a second mortgage on her home, and she gave Respondent a Movado watch as collateral.[10] Ms. Dominguez also signed a final promissory note reflecting the total principal for all three loans in the amount of $21,509.23.[11] This promissory note replaced the two notes previously executed by Ms. Dominguez. On June 19, 2007, Ms. Dominguez received a fourth loan from Real Estate Recovery in the amount of $2,607.00.[12]
Respondent never advised Ms. Dominguez of the consequences of providing security for the loans. Respondent likewise failed to advise Ms. Dominguez of the desirability of seeking independent counsel prior to these transactions, and he failed to allow her reasonable time to do so. Finally, Respondent did not obtain Ms. Dominguez's consent to these conflicts in writing. Although Respondent obtained a written waiver from Ms. Dominguez of her right to consult with independent counsel, these circumstances raise a question as to whether her waiver was knowing and intelligent. In short, Respondent never provided Ms. Dominguez with any written disclosures regarding the three additional loans between the parties, nor did he alert her to possible conflicts of interest as *Page 649 
regards the security interest Real Estate Recovery took in her home or her watch.
By failing to make adequate disclosures with respect to the first loan, and by failing to provide any written disclosures with respect to the second through fourth loans, Respondent engaged in a conflict of interest with his client in violation of Colo. RPC 1.8(a).
 IV. SANCTIONS
The American Bar Association Standards for Imposing LawyerSanctions (1991 Supp. 1992) ("ABA Standards") and Colorado Supreme Court case law are the guiding authorities for selecting and imposing sanctions for lawyer misconduct.[13] In imposing a sanction after a finding of lawyer misconduct, the Hearing Board must first consider the duty breached, the mental state of the lawyer, the injury or potential injury caused, and the aggravating and mitigating evidence pursuant to ABA Standard 3.0.
 ABA Standard 3.0 — Duty, Mental State, and Injury
Respondent violated a duty owed to his client.[14] Respondent specifically failed to avoid a conflict, which may have impaired his independent judgment during the representation. This duty arises out of the nature of the basic relationship between the lawyer and the client. Here, Respondent failed to comply with this duty.
With regard to mental state, the People argue Respondent acted knowingly, while Respondent contends he acted negligently.[15]
Both parties point to the disclosure Respondent provided to Ms. Dominguez for the initial loan. The People allege it demonstrates, despite its inadequacy, that Respondent knew he had to provide the disclosure. Respondent argues he believed the first disclosure obviated the need for subsequent disclosures with respect to the additional loans.
The Hearing Board finds Respondent knowingly engaged in the established misconduct, but without the conscious objective to accomplish a particular result. While Respondent attempted to comply with his general and subjective understanding of Colo. RPC 1.8, he knowingly failed to comply with its specific provisions at the time of the business transactions with his client. Although Respondent acted without the conscious objective to cause particular injury to his client, he nevertheless caused her potential injury through his knowing conduct by jeopardizing his ability to remain objective throughout the attorney-client relationship.[16]
 ABA Standard 3.0 — Aggravating Mitigating Factors
Aggravating circumstances include any considerations or factors that may justify an increase in the degree of discipline to be imposed.[17] Mitigating circumstances include any considerations or factors that may justify a reduction in the degree of discipline to be imposed.[18] The Hearing Board considered evidence of the following aggravating and mitigating circumstances in deciding the appropriate sanction.
Vulnerability of Victim — 9.22(h)
Ms. Dominguez faced severe financial difficulties and the possibility of losing her home at the time she entered into the loans with Respondent. Furthermore, Respondent represented her client in a matter in which *Page 650 
she placed her trust in him. Under these circumstances, unsophisticated as well as sophisticated clients are always vulnerable. The provisions of Colo. RPC 1.8 are designed to address this precise situation.
Substantial Experience in the Practice of Law —9.22(i)
Respondent has practiced law for approximately twenty-two years and therefore should have recognized the pitfalls of entering into a business transaction with a client.
Absence of a Prior Disciplinary Record — 9.32(a)
Respondent does not have a prior disciplinary record over the course of approximately twenty-two years of practicing law.
Absence of a Dishonest or Selfish Motive —9.32(b)
The Hearing Board finds Respondent acted with an absence of a dishonest motive, having considered and accepted Respondent's testimony that his client, Ms. Dominguez, was very worried about losing her home, and that he attempted to help her retain this asset in the face of foreclosure.
Cooperative Attitude Toward the Proceedings —9.32(e)
Respondent fully cooperated in these disciplinary proceedings.
Good Character and Reputation — 9.32(g)
The Hearing Board considered and accepted the testimony of David J. Dansky, Thomas F. Mulvahill, and David A. Mestas as demonstrating Respondent's good character and reputation in the legal community.
Remorse for His Actions — 9.32(1)
Respondent felt remorse for his misconduct in his dealings with Ms. Dominguez.
 Analysis Under ABA Standards and Colorado Case Law
In light of its finding that Respondent knowingly
violated Colo. RPC 1.8, the Hearing Board concludes the following ABA Standard is applicable:
 Suspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client.[19]
The Colorado Supreme Court recently addressed Colo. RPC 1.8 in a case affirming a six-month stayed suspension upon successful completion of a two-year period of probation for a lawyer who violated this rule.[20] While helpful to the analysis here, the Hearing Board finds that case distinguishable due to the lack of remorse from the respondent attorney and because it involved additional substantive claims.
Here, Respondent presented substantial and credible evidence of his excellent reputation in the legal community, his good character, his clean disciplinary record and his remorse for his misconduct. Each of these factors influenced our decision as to the appropriate sanction, which we believe should be a suspension stayed upon the successful completion of a period of probation.
 V. CONCLUSION
Respondent violated a duty to his client to avoid a conflict of interest. This duty of loyalty is fundamental to the attorney-client relationship because the client places trust in his or her attorney to use judgment that is not compromised by the attorney's own personal interests during the course of the representation. Therefore, upon consideration of the duties violated, the established mental state, the injury caused, and the aggravating and mitigating factors, the Hearing Board concludes Respondent should be suspended from the practice of law for ninety days, stayed upon the successful completion of a period of a one-year period of probation. *Page 651 
 VI. ORDER
The Hearing Board therefore ORDERS:
 1. ERIK G. FISHER, Attorney Registration No. 16856, is hereby SUSPENDED from the practice of law for a period of NINETY (90) DAYS, STAYED upon the successful completion of a one-year period of probation, which shall include no further violations of the Colorado Rules of Professional Conduct pursuant to C.R.C.P. 251.7. This order SHALL become effective thirty-one (31) days from the date of this order in the absence of a stay pending appeal pursuant to C.R.C.P. 251.27(h).
 2. Respondent SHALL pay the costs of these proceedings. The People shall submit a "Statement of Costs" within fifteen (15) days from the date of this order. Respondent shall have ten (10) days thereafter to submit a response.
[1] The People filed an "Amended Complaint" on July 28, 2009.
[2] See Exhibit 19. The parties also stipulated to the admission of Exhibits 1-22, which have been incorporated into the Hearing Board's findings of fact.
[3] This rule was in effect at the time Respondent entered into a business relationship with his client. The current rule is similar but not identical.
[4] See Exhibit 1.
[5] See Exhibit 20.
[6] See Exhibit 2.
[7] See Exhibit 3. On or about December 1, 2006, Real Estate Recovery filed a UCC security interest against any proceeds collected in the personal injury lawsuit. See
Exhibit 9.
[8] See Exhibit 4.
[9] See Exhibit 5.
[10] See Exhibit 8.
[11] See Exhibits 6-7.
[12] See Exhibits 10-12. On January 29, 2008, Real Estate Recovery and Fischer Fischer filed a complaint for declaratory judgment against Ms. Dominguez and American Family in Weld County District Court, seeking to grant full force and effect to a $75,000.00 settlement they alleged Ms. Dominguez entered into with American Family. Ultimately, this case was resolved through settlement; the parties agreed to split the $75,000.00 proceeds, with Real Estate Recovery receiving $22,500.00, Fischer Fischer receiving $25,000.00 and Ms. Dominguez receiving $27,500.00. Regrettably, Ms. Dominguez eventually filed for Chapter 7 bankruptcy on February 14, 2008. She was granted a discharge on June 11, 2008. See
Exhibits 14, 16 and 17.
[13] See In re Roose, 69 P.3d 43, 46-47 (Colo. 2003).
[14] See ABA Standard 4.0.
[15] See ABA Standards, Definitions.
"Knowledge" is the conscious awareness of the nature or attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result. "Negligence" is the failure of a lawyer to heed a substantial risk that circumstances exist or that a result will follow, which failure is a deviation from the standard of care that a reasonable lawyer would exercise in the situation.
[16] See ABA Standards, Definitions.
"Potential injury" is harm to a client . . . that is reasonably foreseeable at the time of the lawyer's misconduct, and which, but for some intervening factor or event, would probably have resulted from the lawyer's misconduct.
[17] See ABA Standard 9.21.
[18] See ABA Standard 9.31.
[19] See ABA Standard 4.32 (emphasis added).
[20] See In re Fisher, 202 P.3d 1186 (Colo. 2009).
 *Page 1222